UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
J&J SPORTS PRODUCTIONS, INC.,                           :
                                                        :
                   Plaintiff,                         :
                                                        :     **MEMORANDUM & ORDER**
                -against-                          :
                                                        :     10-CV-455(DLI)(JMA)
                                                        :
ROBERT MARI, individually and as officer, director,     :
Shareholder and/or principal of THE PLACE BAR           :
AND LOUNGE, INC., d/b/a/ THE PLACE BAR AND              :
LOUNGE, a/k/a THE PLACE,                                :
                                                        :
                Defendant.                          :
                                                        :
------------------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff J&J Sports Productions, Inc. ("J&J") filed the instant action alleging that defendant Robert Mari ("Mari"), individually and as owner of The Place Bar and Lounge, Inc. ("The Place"), violated 47 U.S.C. §§ 553 and 605 when Mari displayed the Pacquaio/Hatton Broadcast on a television at The Place. Plaintiff now moves for summary judgment, which Mari opposes. For the reasons set forth below, plaintiff's motion is granted.

### PRELIMINARY EVIDENTIARY ISSUES

      It is necessary to resolve an evidentiary issue at the outset. Plaintiff's motion for summary judgment includes plaintiff's Statement of Material Facts, as required under Local Rule 56.1. Many of the assertions contained in this document are supported by citations to the Requests for Admissions that plaintiff submitted to Mari during discovery. (*See* Req. for Adm., Lonstein Aff. Ex. A., Doc. Entry No. 19-2.) After seeking several extensions, Mari failed to respond to the Requests for Admissions. (Lonstein Aff. ¶ 9.) Plaintiff asks that this Court deem Mari's failure to respond as an admission under Rule 36(a)(3) of the Federal Rules of Civil Procedure. By operation of Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after

being served [with Requests for Admissions], the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." Fed. R. Civ. Pro. 36(a)(3). Once admitted, the matter that is the subject of a request for admission "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. Pro. 36(b). In his opposition to the summary judgment motion, Mari failed to offer any explanation for his failure to respond to the Requests for Admissions or to address this evidentiary issue. Accordingly, the Court deems admitted all of the statements contained in the Requests for Admissions. *See Allstate Ins. Co. v. Howell*, 2010 WL 5313760, at *1 (E.D.N.Y. Dec. 17, 2010) (ruling that defendant's untimely response to plaintiff's requests for admissions operated as an admission of those facts).

Moreover, Mari submitted what is labeled a "Statement of Disputed Facts" in response to plaintiff's Statement of Material Facts; however, Mari provided no evidentiary citations for the assertions contained in the Statement. (*See* Stmt. of Disputed Facts, Doc. Entry No. 19-7.) Under Rule 56 of the Federal Rules of Civil Procedure, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. Pro. 56(c)(1)(A). Under Local Rule 56.1(c), "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." However, "[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in

the record." *Giannullo v. City of New York*, 332 F. 3d 139, 140 (2d Cir. 2003) (*quoting Holtz v. Rockefeller Co.*, 258 F. 3d 62, 74 (2d Cir. 2001)).

Each of the paragraphs in Plaintiff's Statement of Material Facts contains citations to documentary evidence submitted in support of the instant motion, to Requests for Admissions (which are deemed admitted), or to other admissible evidence obtained during discovery. In response, the only "evidence" Mari submitted is a self-serving affidavit. The Court will not permit Mari to create a genuine issue of material fact when the unsubstantiated facts asserted contradict those supported by plaintiff's admissible evidence. This is particularly problematic because Mari had ample opportunity to respond to the Requests for Admissions, to serve his own discovery requests on plaintiff, and to move this Court to deny plaintiff's request to deem the Requests for Admissions evidence. Mari failed to take any of these measures. Accordingly, the Court concludes that the facts contained in plaintiff's Statement of Material Facts, including those supported by the admitted Requests for Admissions, are undisputed.

## BACKGROUND

J&J is a California-based company that procured an exclusive license to exhibit the live telecast of a boxing match between Manny Pacquiao and Ricky Hatton, held on May 2, 2009. J&J attached a copy of the contract between J&J and the event promoter that granted J&J its exclusive license. (Gagliardi Aff., Ex. A., Doc. Entry No. 19-1.) On May 2, 2009, J&J hired various auditors to make unannounced visits to various sports bars and venues across the country to determine whether any venues were showing the Pacquaio/Hatton Broadcast without J&J's consent. One such auditor visited The Place and filed a report indicating that The Place displayed the the Pacquaio/Hatton Broadcast on its television. J&J attached a copy of the auditor's report to the Gagliardi Affidavit. (Gagliardi Aff., Ex. B, Doc. Entry No. 19-1.) The

Place had not entered into any agreement with J&J to show the Pacquaio/Hatton Broadcast. Mari and The Place received a financial benefit from customer patronage by showing the Pacquaio/Hatton Broadcast. (Req. for Adm. No. 19, Lonstein Aff., Ex. A ¶ 19.)

## STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.,* 156 F. 3d 396, 400 (2d Cir. 1998), but must affirmatively "set out specific facts showing a genuine issue for trial," FED. R. CIV. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship.*, 22 F. 3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Group, Inc.*, 859 F. 2d 1108, 1114 (2d Cir. 1988)).

## DISCUSSION

Plaintiff's complaint asserts two causes of action, one based on defendant's violation of 47 U.S.C. § 605(a), and the other based on defendant's violation of 47 U.S.C. § 553. (Compl. ¶¶

4

26-32). Both of these statutory provisions "prohibit the unauthorized interception and reception of cable programming services." *J & J Sports Prods., Inc. v. Dehavalen,* 2007 WL 294101, at *2 (S.D.N.Y. Jan. 30, 2007); *see also Int'l Cablevision, Inc. v. Sykes,* 75 F. 3d 123, 133 (2d Cir.1996) ("*Sykes II*"). Courts in this Circuit have held that when a defendant has violated both Section 605 and Section 553, a plaintiff is entitled to only one means of recovery for a single illegal transmission. *See Innovative Sports Mktg., Inc. v. Aquarius Fuente De Soda, Inc.,* 2009 WL 3173968, at *5 (E.D.N.Y. Sept. 30, 2009); *see also Int'l Cablevision, Inc. v. Sykes,* 997 F. 2d 998, 1009 (2d Cir. 1993) ("*Sykes I*"). Such cases are evaluated solely under Section 605, which awards higher damages than Section 553. *See Sykes I,* 997 F. 2d at 1009.

Accordingly, the Court evaluates plaintiff's claim under Section 605(a), which states that: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person." 47 U.S.C. § 605(a). Section 605(a) applies to the interception of cable communications originating as a satellite or radio transmission. *See Innovative Sports,* 2009 WL 3173968, at *5 (citing *Sykes II,* 75 F. 3d at 131-32 (2d Cir.1996)). Courts in this Circuit have held that, when at least part of an event's transmission was accomplished by satellite, the defendant's interception of that event's broadcast violates Section 605(a). *Joe Hand Promotions, Inc. v. La Nortena Rest. Inc.,* 2011 WL 1594827 at *2 (E.D.N.Y. Mar. 28, 2011).

Defendant admits, due to his failure to answer discovery requests, that he: (1) was the principal agent of The Place; (2) was not authorized by plaintiff to exhibit the Pacquaio/ Hatton Broadcast at The Place; and (3) knowingly and willingly exhibited it. (Req. for Adm. Nos. 1-18; Lonstein Aff., Ex. A ¶¶ 1-18). Defendant also admits that he received direct financial benefit from the exhibition of the Pacquaio/Hatton Broadcast. (Req. for Adm. No. 19; Lonstein Aff.,

5

Ex. A ¶ 19). As a cable broadcast, at least part of transmission of the Pacquaio/Hatton event was accomplished by satellite or radio. (Gagliardi Aff., Ex. A). J&J has sufficiently demonstrated that it had title to the commercial distribution rights to the satellite broadcast of the Pacquaio/Hatton event in the geographic area in which defendant exhibited it. (Gagliardi Aff. ¶ 1-3; Gagliardi Aff., Ex. A). The evidence demonstrates that defendant has engaged in the unauthorized reception of plaintiff's cable television programming in violation of Section 605(a). Accordingly, summary judgment is granted in favor of plaintiff on plaintiff's Section 605 claim and the Court need not evaluate plaintiff's Section 553 claim.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment is granted. This action is referred to the magistrate judge to assess damages, attorneys' fees, and costs.


SO ORDERED.

Dated: Brooklyn, New York
      March 23, 2012

                                               /s/
                                   DORA L. IRIZARRY
                             United States District Judge